FILED
CLERK, U.S. DISTRICT COURT
NOV 23 2010
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br> v. <br> ANDRE WILLIAMSON (03), <br>     Defendant. | CASE NO. CR-08-411-SVW-3 <br><br> ORDER SETTING EVIDENTIARY HEARING ON DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA |

## I. Background

On November 15, 2010, the Court held a further hearing to discuss the proper procedural posture for the present Motion to Withdraw Defendant's Guilty Plea (Doc. No. 190) and the other matters raised at the November 8, 2010 hearing. The matters raised concern Defendant Williamson's entering of a plea of guilty to conspiracy under 18 U.S.C. § 371 and carrying a firearm during a crime of violence under 18 U.S.C. § 924(c) on April 13, 2009. At the change of plea hearing, Defendant admits he indicated to the Court that he did not take any drugs or

medications in the last 24 hours that impaired his thinking. The Court subsequently accepted Defendant's guilty plea. Defendant has now moved to withdraw his guilty plea on the grounds that he suffers from several psychological disorders and was taking mind altering prescription medications at the time of the plea hearing.

## II. Discussion

Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure allows a defendant to withdraw a guilty plea, even after it is accepted by the court, if the defendant can meet his burden of showing a "fair and just reason for requesting the withdrawal." Fed. R. Crim. Proc. 11(d)(2)(B). The Ninth Circuit has "explained that [f]air and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." United States v. Showalter, 569 F.3d 1150, 1154 (9th Cir. 2009) (internal quotations and citations omitted). Further, "[a]lthough . . . evidentiary hearings on motions to withdraw pleas before sentencing should be freely granted, an evidentiary hearing is not a matter of right."

A court must grant an evidentiary hearing only when the defendant's motion presents a 'fair and just' reason for withdrawing his plea." United States v. Trussel, 961 F.2d 685, 689 (7th Cir. 1992); United States v. Moore, 931 F.2d 245 (4th Cir. 1991); see also United States v. Tolson, 372 F. Supp. 2d 1, 8 (D.D.C. 2005) ("Generally, 'when a defendant seeks to withdraw a guilty plea on the basis of ineffective assistance of ... counsel the district court should hold an evidentiary

1 | hearing to determine the merits of the defendant's claims.'") (quoting
2 | United States v. Taylor, 139 F.3d 924, 932 (D.C.Cir. 1998)).
3 |     At the November 8, 2010 hearing, the Court intended to convey that
4 | Defendant had met his burden of showing only that an evidentiary
5 | hearing regarding his plea withdrawal was warranted, not that Defendant
6 | has met his burden entirely of showing there was a "fair and just"
7 | reason to withdraw his plea.  Here, Defendant has shown two plausible
8 | reasons to set aside his guilty plea.  First, Defendant has presented
9 | evidence that he was taking prescription medications and diagnosed with
10 | various psychological disorders at the time of the plea hearing.
11 | Second, as identified by Defendant's counsel at hearings, Defendant may
12 | also be raising an argument that Defendant's prior counsel, who was
13 | aware of Defendant's mental condition, rendered ineffective assistance
14 | by failing to notify the Court of Defendant's alleged mental state at
15 | the time of the plea hearing.  The Court finds that under the
16 | circumstances of this case, an evidentiary hearing on this matter is
17 | appropriate.
23 | \\
24 | \\
25 | \\
26 | \\
27 | \\

## III. Conclusion

In view of these arguments and both sides' forthcoming evidence regarding Defendant's mental evaluations, the Court will hold an evidentiary hearing to determine whether a "fair and just" reason exists to grant Defendant's Motion. The evidentiary hearing will be held on December 14th, 2010 at 10 a.m.

IT IS SO ORDERED.

DATED: November 22, 2010

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE